**Richard Allen KING, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 67652.**

Court of Criminal Appeals of Texas, En Banc.

June 8, 1983.

Rehearing Denied Sept. 28, 1983.

Charles J. Mason, Jr., Don Snodgrass, Wichita Falls, Barry L. Macha, court-appointed on appeal only, Wichita Falls, for appellant.

Timothy D. Eyssen, Dist. Atty., and Donald E. Maxfield, Asst. Dist. Atty., Wichita Falls, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

TEAGUE, Judge.

Richard Allen King, appellant, was convicted by a jury for committing the offense of murder in the course of committing the offense of robbery. See V.T.C.A., Penal Code, Sec. 19.03(a)(2). The trial court as-

sessed punishment at death. See Art. 37.-071, V.A.C.C.P. We will reverse.

Appellant does not challenge the sufficiency of the evidence. Therefore, it is adequate to state that the evidence showed that he killed Norman W. Harris in Harris' residence when Harris was watching an evening football game on television. Appellant had gained entry into the residence by way of a pretext.

We first find that error was committed in this cause when the trial court, over objection, admitted into evidence at the punishment stage of the trial an oral confession of the appellant. The oral confession was inadmissible because it did not meet the standards for admissibility of an inculpatory statement by an accused person as required by the provisions of Art. 38.22, V.A.C.C.P. We also find that the erroneous admission into evidence of the oral confession was not harmless error.

The record reflects that Thomas Raddemacher, who at the time of trial was chief of police in Davenport, Florida, testified at the punishment stage of the trial that appellant's reputation for being a peaceable and law-abiding citizen was bad. Raddemacher had first testified that he knew appellant when he and appellant were neighbors in another city in Florida. This covered the period of time when appellant was between 17 and 24 years of age.

Raddemacher also testified, over objection, that he had occasion to investigate appellant's involvement in the 1974 burning of an automobile in Florida. The automobile belonged to appellant and was burned in order to collect insurance proceeds. Raddemacher testified to the contents of an oral confession appellant had made to him in 1974 regarding that offense. The record reflects that appellant was subsequently charged and convicted for committing the offense of arson. The punishment assessed was a three year probated sentence. The Florida judgment of conviction was not admitted into evidence because appellant established that at the time of conviction he was without counsel. See *Burgett v. Texas*,

389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967).

The record clearly reflects that the oral confession appellant made to Raddemacher in 1974 occurred while he was in custody and was a result of custodial interrogation. The State does not argue otherwise.

Appellant's challenge to Raddemacher's testimony, concerning his oral confession, is founded on several bases: (1) the oral confession did not comply with the standards for admissibility of an inculpatory oral statement as set out in Art. 38.22, V.A.C.C.P.; (2) the introduction of the oral confession violated the best evidence rule of law; and (3) the State's use of Raddemacher as a witness was an improper attempt to circumvent *Burgett v. Texas*, supra.

We will quickly reject the latter two reasons. The best evidence requirement is an evidentiary rule of law which pertains to proof of writings or documents. It does not apply to oral confessions. *Simmons v. State*, 622 S.W.2d 111, 114 (Tex.Cr. App.1981); *Smith v. State*, 547 S.W.2d 6 (Tex.Cr.App.1977). The admission into evidence of the oral confession did not violate *Burgett v. Texas*, supra, because *Burgett* only held that a conviction obtained without counsel could not be used to prove that the defendant had committed a prior offense. The holding, however, does not preclude the admission into evidence of the facts establishing the offense. Art. 37.071, supra, does not exclude from evidence at the punishment stage of a trial, where the defendant has been found guilty of capital murder, unadjudicated extraneous criminal offenses. See, for example, *Davis v. State*, 597 S.W.2d 358 (Tex.Cr.App.1980); *Sanne v. State*, 609 S.W.2d 762 (Tex.Cr.App.1980); *Garcia v. State*, 581 S.W.2d 168 (Tex.Cr.App.1979); *Green v. State*, 587 S.W.2d 167 (Tex.Cr.App. 1979); *Wilder v. State*, 583 S.W.2d 349 (Tex.Cr.App.1979); and *Hammett v. State*, 578 S.W.2d 699 (Tex.Cr.App.1979).

However, we find that appellant's first reason why the oral confession should not have been admitted into evidence has merit.

Appellant's trial occurred in March, 1980. Although the oral confession was made in 1974, the admissibility of the oral confession is governed by the law in effect at the time of trial. See *Wilson v. State,* 473 S.W.2d 532 (Tex.Cr.App.1971); *Carter v. State,* 408 S.W.2d 507 (Tex.Cr.App.1966); and *Neal v. State,* 400 S.W.2d 550 (Tex.Cr.App.1966). Cf. *Cunningham v. State,* 484 S.W.2d 906 (Tex.Cr.App.1977); *Hassler v. State,* 473 S.W.2d 513 (Tex.Cr.App.1971); and *Moore v. State,* 462 S.W.2d 574 (Tex.Cr.App.1970).

■ Although a trial court in a capital murder case has wide discretion in admitting or excluding evidence at the punishment stage of the trial, nevertheless, exclusionary rules of evidence still govern the admissibility of evidence. *Rumbaugh v. State,* 589 S.W.2d 414 (Tex.Cr.App.1979); *Porter v. State,* 578 S.W.2d 742 (Tex.Cr.App.1979).

Using portions of Sec. 5 of Art. 38.22, V.A.C.C.P., and Sec. (a) of Art. 37.071, V.A.C.C.P., the State argues that the oral confession was admissible.*

The State's argument that the Legislature, in enacting the above underscored portion of Sec. 5 of Art. 38.22, intended to permit the use of oral confessions during a capital murder punishment hearing, since such would be relevant pursuant to the above portion of Sec. (a) of Art. 37.071, is rejected.

The underscored portion of Sec. 5 of Art. 38.22 has no application to the oral confession of appellant because the amendatory act which promulgated that section of the statute expressly stated the following: "This Act applies only to statements made on or after its effective date." 1977 Acts, Chapter 348, at page 937. The effective date of the amendatory act was August 27, 1977. 1977 Acts, *Id.* Thus, the State can derive no assistance from the amendment, since appellant's oral confession was made some three years before Sec. 5, supra, as amended, became effective. As previously noted, the admissibility of evidence that is offered pursuant to Art. 37.071, supra, is governed by exclusionary rules of evidence. *Rumbaugh,* supra, and *Porter,* supra.

■ Oral statements made by an accused person while in custody have long been regarded by the Legislature as generally unreliable and, therefore, inadmissible unless such came within an exception created by Art. 38.22, supra, the Texas confession statute. *Butler v. State,* 493 S.W.2d 190 (Tex.Cr.App.1973). We have carefully reviewed the exceptions as they existed at the time appellant made his oral confession to Raddemacher, and find none are applicable. The admission into evidence of Raddemacher's testimony, concerning the oral confession of appellant, was therefore error. We must now determine whether the error was harmless.

* We observe that at trial it was established that the oral confession of appellant, of which complaint is made, is substantively identical to his written confession. The State, however, never sought to introduce into evidence the written confession.

Art. 38.22, Sec. 5, C.C.P., provides:

Nothing in this article precludes the admission of a statement made by the accused in open court at his trial, before a grand jury, or at an examining trial in compliance with Articles 16.03 and 16.04 of this code, or of a statement that is the res gestae of the arrest or of the offense, or of a statement that does not stem from custodial interrogation, or of a voluntary statement, whether or not the result of custodial interrogation, that has a bearing upon the credibility of the accused as a witness, or *of any other statement that may be admissible under law.* [Emphasis Added]

Art. 37.071, Sec. (a) reads as follows:

Upon a finding that the defendant is guilty of a capital offense, the court shall conduct a separate sentencing proceeding to determine whether the defendant shall be sentenced to death or life imprisonment. The proceeding shall be conducted in the trial court before the trial jury as soon as practicable. *In the proceeding, evidence may be presented as to any matter that the court deems relevant to sentence. This subsection shall not be construed to authorize the introduction of any evidence secured in violation of the Constitution of the United States or of the State of Texas.* The state and the defendant or his counsel shall be permitted to present argument for or against sentence of death. (emphasis added.)

Art. 37.071, V.A.C.C.P., provides in part that "(b) On conclusion of the presentation of the evidence, the court shall submit the following issues to the jury . . . (2) whether there is a probability that the defendant would commit criminal acts of violence that would constitute a continuing threat to society," and requires that "(c) the state must prove each issue submitted beyond a reasonable doubt . . ."

This Court has in the past stringently enforced the statutory requirement that the State, in order to sustain on appeal a "yes" answer to the above question, must establish that the evidence is sufficient to support such a finding. If the evidence is held by this Court to be insufficient to sustain a "yes" answer to the probability question, the death penalty will be set aside. See *Wallace v. State,* 618 S.W.2d 67 (Tex.Cr. App.1981); *Sanne v. State,* 609 S.W.2d 762 (Tex.Cr.App.1980); *Brasfield v. State,* 600 S.W.2d 288 (Tex.Cr.App.1980); *Warren v. State,* 562 S.W.2d 474 (Tex.Cr.App.1978).

The record of appeal reflects that in addition to appellant's oral confession to Raddemacher, admitting he had committed the offense of arson, by burning his own automobile for insurance proceeds, the State also presented at the punishment hearing evidence that appellant had been convicted of committing with another person several burglaries of schools in Georgia. Appellant received as punishment for committing those offenses a "shock probation" type sentence. We are not apprised of any of the details governing the burglaries. In particular, the State did not present any evidence to show that in any of the burglaries acts of personal violence were ever committed. Raddemacher was the State's sole "reputation" witness at the punishment hearing. In light of the limited details this testimony reveals, we are unable to place much stock in such testimony, as applied to the probability question stated in Art. 37.071, supra.

We acknowledge that this Court has in the past stated that the circumstances of the murder may be sufficient to support such a finding. See, for example, *Duffy v. State,* 567 S.W.2d 197 (Tex.Cr.App.1978).

However, in this instance, there is nothing in the record to reflect anything more than a murder committed in the course of a robbery. Before the above principle of law may be invoked and applied by the State, more than a murder occurring in the course of a robbery must be shown. Just recently, this Court pointed out the following: "Although this was a senseless murder, that fact is true of every murder [committed] in the course of a robbery." *Roney v. State,* 632 S.W.2d 598, 603 (Tex.Cr.App.1982).

In light of the nature of the above evidence that was presented at the punishment stage of the trial, we are unable to hold that there is not a reasonable possibility that the admission of the oral confession did not materially affect the jury's decision to answer the second question in the affirmative. *Jordan v. State,* 576 S.W.2d 825, 830 (Tex.Cr.App.1978); *Clemons v. State,* 605 S.W.2d 567, 572 (Tex.Cr.App.1980).

▮ The non-harmless error which occurred at the punishment stage of the trial requires that the conviction and sentence be reversed. E.g., *Porter v. State,* 578 S.W.2d 742 (Tex.Cr.App.1979); *Holloway v. State,* 613 S.W.2d 497 (Tex.Cr.App.1981), and *Fields v. State,* 627 S.W.2d 714 (Tex.Cr.App. 1982). Also see *Clark v. State,* 627 S.W.2d 693 (Tex.Cr.App.1982) (On Original Submission). Where punishment is assessed by the jury, this Court may not remand the cause only for a new hearing on punishment. See the cases collated in Vol. 13B, *Texas Digest,* under Criminal Law Keys 1183, 1184, and 1189.

The judgment is reversed and the cause remanded to the trial court.

W.C. DAVIS, MILLER, McCORMICK and CAMPBELL, JJ., dissent.