Carlos DeLUNA, Appellant,

v.

The STATE of Texas, Appellee.

No. 69,245.

Court of Criminal Appeals of Texas, En Banc.

June 4, 1986.

James R. Lawrence, Corpus Christi, for appellant.

Grant Jones, Dist. Atty. and Mary F. Klapperich, Asst. Dist. Atty., Corpus Christi, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

CLINTON, Judge.

Appellant was convicted of capital murder. The jury answered both special issues in the affirmative and death was assessed as punishment. Article 37.071, V.A.C.C.P. Appellant raises seven grounds of error. We will affirm.

The evidence showed that during a robbery in Corpus Christi appellant fatally stabbed the clerk of a gas station. He was seen and identified by witnesses before, during, and after the offense. Police conducted a search of the neighborhood into which the robber had reportedly fled and two officers found appellant hiding under a truck parked at a curb. Appellant does not challenge the sufficiency of the evidence.

Only appellant's sixth ground of error pertains to presentation of evidence at the guilt-innocence phase of trial. Appellant contends a photograph of him taken at police headquarters the night of his arrest was improperly admitted into evidence. Defense counsel objected at trial that "the proper predicate hasn't been laid as to who actually took the picture, what time the picture was taken or anything of this na-

ture, if, in fact, it was taken on February the 4th, 1983 ..."

The photograph was admitted during the testimony of Officer Schauer, who had arrested appellant the night of the robbery and murder. Officer Schauer described appellant as having a glassy, "animal-like stare" at the time of his arrest, a description defense counsel contested on crossexamination on the basis that the officer had not included those words in his offense report. On redirect examination Officer Schauer was shown the photograph of appellant and asked if he recognized it:

"A: Yes, sir.

Q: Who is that a photograph of?

A: It's Carlos, the suspect.

Q: Is that how he looked the night that you arrested him after you took him to the booking desk?

A: Yes.

Q: Does he have that stare that you have described?

A: I think so ...

Q: This is how he looked when you took him to the booking desk that night?

A: He has a kind of a smirk on his face, too.

Q: This was taken at the police department?

A: It was up at the booking desk.

Q: On the 4th day of February, 1983; is that correct?

A: Yes, sir."

 At that point the photograph was offered and admitted into evidence. Its admission was not error. A photograph is admissible if it is relevant to a material issue and is an accurate representation of its subject as of a given time. · *Roy v. State,* 608 S.W.2d 645, 649 (Tex.Cr.App. 1980). Whether the photograph was relevant to any material issue in the trial is questionable, but that was not the basis of appellant's objection at trial, nor of his ground of error now. Officer Schauer's testimony established the time, place, and accuracy of the photograph. There was no need to meet appellant's specific objection

that "the proper predicate hasn't been laid as to who actually took the picture ..." The witness who verifies a photograph need not be the photographer, nor need he testify as to the way the photograph was made. *Darden v. State,* 629 S.W.2d 46, 49 (Tex.Cr.App.1982). It is not even necessary that the witness was present when the photograph was taken. *David v. State,* 453 S.W.2d 172, 177–178 (Tex.Cr.App.1970). Appellant's ground of error number six is overruled.

 In his seventh ground of error appellant contends the trial court erred in refusing to give a charge on circumstantial evidence. The jury was, however, properly instructed on the presumption of innocence, that the burden of proof was on the State, and on the requirement that appellant be acquitted if there was a reasonable doubt of his guilt. In such a case a charge on circumstantial evidence is no longer required. *Hankins v. State,* 646 S.W.2d 191, 199 (Tex.Cr.App.1983) (Opinion on State's motion for rehearing). Ground of error number seven is overruled.

At the punishment phase of trial the State put on evidence that appellant had committed an unadjudicated, extraneous offense. Appellant's parole officer testified that appellant had been released on parole from the Texas Department of Corrections on May 13, 1982, and had been charged with a new offense on May 15, 1982. Three witnesses, including the complainant, then testified to the facts of that offense. The day after appellant's release a friend of his from T.D.C. was also released on parole. Appellant attended a party at the home of his friend's mother, celebrating this event. According to the witnesses appellant returned to the house later that night after the other guests were gone. He found his friend's mother lying in bed, and he held a pillow over her face. When she struggled he told her to be quiet, threatened to kill her, and hit her several times, breaking three of her ribs and bruising her face. The complainant testified that though appellant lowered his pants while lying atop her, he did not sexually

assault her, but instead left the house after about twenty minutes.

■ Proof of unadjudicated, extraneous offenses is admissible in the punishment phase of a capital murder trial, absent a showing that the defendant is unfairly surprised by such evidence. *Williams v. State*, 622 S.W.2d 116, 120 (Tex.Cr.App. 1981). To prove that appellant was not surprised by this evidence the State offered three pages of an offense report describing the offense. The first page of the report had been initialed by defense counsel and dated some months before trial. The trial court accepted this exhibit outside the jury's presence, for the limited purpose for which the State offered it. Appellant objected that the offense report should be admitted before the jury for all purposes. The trial court overruled the objection on the basis that the offense report was "the clearest kind of hearsay, would not be admissible even by agreement, and hearsay is—has no weight of an evidentiary nature whatsoever."

Appellant now contends, in his ground of error number four, that the exclusion of this evidence was erroneous. He argues that the offense report showed that no rape or attempted rape occurred, only an assault. (In the report the investigating officer concluded, "Upon investigating this complaint it was determined that there was no rape or attempted rape that was prosecutable in this case, however there was a class A assault that could be prosecuted.") Appellant wanted the jury to have this "evidence." In other words, he wanted this out of court statement offered to prove the truth of the matter asserted therein. As the trial court held, this was obvious hearsay. *Ex parte Martinez*, 530 S.W.2d 578, 580 (Tex.Cr.App.1975); 1A Ray, Texas Law of Evidence (3d ed. 1980) § 781. The officer who made the report did not testify concerning the offense, so the report could not have been used to impeach any inconsistent testimony he might have given.

Nor did the statement fall within any other exception to the hearsay rule.

■ A trial court has wide discretion in admitting or excluding evidence at the punishment phase of a capital murder trial. *King v. State*, 657 S.W.2d 109, 111 (Tex.Cr. App.1983). Nevertheless, the rules of evidence still govern the admissibility of evidence. *Id.* The offense report in the instant case constituted inadmissible hearsay and was properly excluded by the trial court. Appellant's ground of error number four is overruled.

Appellant's fifth ground of error complains that the trial court overruled his objection to the charge on punishment. Specifically he objected that the charge did not include definitions of the words "deliberately" and "a probability," as used in Article 37.071(b), supra. In *King v. State*, 553 S.W.2d 105, 107 (Tex.Cr.App.1977), this Court expressly held that these terms need not be defined in the court's charge to the jury. This issue appears to be well settled. *Barefoot v. State*, 596 S.W.2d 875, 887 (Tex.Cr.App.1980); *Russell v. State*, 665 S.W.2d 771, 780 (Tex.Cr.App.1983).[1] Ground of error five is overruled.

In his third ground of error appellant asserts that the trial court erred in sending the jury back to deliberate further when it first returned with no answer to special issue number two. Appellant contends the court should instead have assessed a sentence of life imprisonment at that time, pursuant to Article 37.071(e), V.A.C.C.P.

■ The record is unclear as to the exact amount of time the jury deliberated. After the punishment hearing and some time before lunch, the jury began its deliberations. Some time before dinner the same day, they returned with special issue number one answered in the affirmative, but no answer to the second special issue. The following exchange then took place between the foreman and the trial court:

---

1. But see this writer's dissenting opinion in *Russell*, supra, at 781. See also *Williams v. State*,

674 S.W.2d 315, 322, n. 6 (Tex.Cr.App.1984).

"THE COURT: Let me ask you, Mr. Morales, as Foreperson, do you think that with further deliberations you could resolve what difficulty you were having with that issue?

JUROR MORALES: I would—Your Honor, I would have to say that we certainly could give it a try.

THE COURT: What is your thought in the matter? Could you resolve what difficulties you're having and arrive at a verdict, either yes or no on it?

JUROR MORALES: We have exhausted both avenues, sir, and I think that it would be rather difficult to go back in there and try and make a decision, sir."

The court then asked each juror individually if he or she thought they might reach a verdict given more time to deliberate. Each answered affirmatively, except one juror, who said, "I don't think so, Your Honor." Given that large majority of jurors who believed a verdict could be reached, the trial court asked them to continue their deliberations. Some time after a recess for dinner, the jury returned with affirmative answers to both special issues. Upon the defendant's request the jury was polled, and each responded that the answers to the special issues reflected his or her own verdict.

Article 36.31, V.A.C.C.P., provides:

"After the cause is submitted to the jury, it may be discharged when it cannot agree and both parties consent to the discharge; or the court may in its discretion discharge it where it has been kept together for such time as to render it altogether improbable that it can agree."

Thus the length of time the jury deliberates rests in the sound discretion of the trial court, and absent an abuse of that discretion there is no error. *Garcia v. State*, 522 S.W.2d 203, 208 (Tex.Cr.App. 1975).

In *Williams v. State*, 476 S.W.2d 300, 305 (Tex.Cr.App.1972), the defendant moved for a mistrial after the jury had deliberated for six and a half hours, whereupon the trial court had the jury return to the courtroom and asked if they could reach a verdict. Only one juror indicated they could not. This Court held there was no abuse of discretion in the trial court's instructing the jury to continue its deliberations. In *Andrade v. State*, 700 S.W.2d 585 (Tex.Cr.App.1985), no abuse of discretion was shown when the trial court had the jury continue trying to reach a verdict on special issue number one. The jury had indicated after four and a half hours that they had reached no verdict on that issue, but the trial court overruled the defendant's motion for mistrial. The jury continued deliberating until they retired at 11:00 p.m. They resumed at 9:00 o'clock the following morning and reached unanimity within half an hour. This Court concluded, "Considering the nature of the case, a capital murder, and the time of deliberation, approximately twelve hours, we find no abuse of discretion on the part of the trial court." *Id.*, at 589.

■ We note that in the instant case when the trial court requested that the jury continue its deliberations the court gave no additional charge and made no comment on either the law or the evidence. See *Muniz v. State*, 573 S.W.2d 792, 794, n. 4 (Tex.Cr.App.1978). Where as here the foreman expressed a willingness to continue trying to reach a verdict, and only one other juror indicated the jury could not, it was not "altogether improbable" that the jury would "agree." Article 36.31, supra. There was no abuse of discretion in the trial court's having the jury continue its deliberations. Ground of error number three is overruled.

Finally, appellant's grounds of error one and two allege the trial court erred in overruling his motion for new trial. A hearing was held on the motion, during which one of the jurors testified. The juror was a clerk in a convenience store, and defense counsel had discovered that during the trial she was the victim of a crime similar to the one of which appellant was accused. Appellant's contention that she was "the victim of the exact same situation" as that

presented at trial is inaccurate, however.[2] The juror testified that she had been working at the store at 1:00 a.m. when she accused a "kid," fourteen or fifteen years old, of shoplifting. When he was cornered by the juror and her coworker, the shoplifter removed a jug of wine from his pants and produced a knife, with which he threatened the juror in order to make his escape. The juror characterized this incident as "just a common shoplifting thing" that had no bearing on her deliberations in appellant's trial. She stated unequivocally that she had not been scared by the incident. Most revealing was this exchange between the trial court and the juror at the hearing:

"Q: All right. And my question, then, is: Did that situation in any way influence your verdict in the De Luna case?

A: No, sir.

Q: And are you sure of that in your own mind?

A: Yes, sir."

Appellant now contends his motion for new trial should have been granted because the juror was disabled from serving under Article 36.29, V.A.C.C.P., which provides in part:

"... when pending the trial of any felony case, one juror may die or be disabled from sitting at any time before the charge of the court is read to the jury, the remainder of the jury shall have the power to render the verdict ..."

Appellant relies on *Griffin v. State*, 486 S.W.2d 948, 951 (Tex.Cr.App.1972), which defines "disabled" in this context as "any condition that inhibits the juror from fully and fairly performing the functions of a juror." Appellant contends the juror was disabled under this definition because her experience during trial must have prejudiced her against appellant, who was accused of a similar offense.

In *Carrillo v. State*, 597 S.W.2d 769, 771 (Tex.Cr.App.1980), this Court held that disability of a juror in this context refers only to physical, mental, or emotion impairments, *not* to bias or prejudice. Appellant contends the juror in this case must have been so "mentally impaired" by the bias or prejudice produced by her victimization that she was disabled from serving, citing *Bass v. State*, 622 S.W.2d 101 (Tex. Cr.App.1981). In *Bass* after the jury had been selected but before the attempted capital murder trial began one of the jurors was threatened by a man who entered her bedroom with a knife. This Court reiterated, however, that any bias or prejudice produced by such a situation does not render the juror disabled under Article 36.29, supra. *Id.*, at 106. The mental impairment referred to in *Bass* was that the juror herself testified that she had been so shaken by her experience that she could not concentrate on the case in which she was sitting as a juror. In the instant case, to the contrary, the juror testified that she had not been frightened by the "common shoplifting" incident in her store and that that offense had not colored her decisions at trial. In light of this testimony the trial court did not abuse its discretion in overruling the motion for new trial.

Finding no reversible error, we affirm the judgment of the trial court.

TEAGUE, Judge, concurring.

I am compelled to write because of the way the majority opinion disposes of the appellant's seventh ground of error. The majority opinion states the following: "In his seventh ground of error appellant contends the trial court erred in refusing to give a charge on circumstantial evidence. The jury was, however, properly instructed on the presumption on innocence, that the burden of proof was on the State, and on the requirement that appellant be acquitted if there was a reasonable doubt of his guilt.

---

2. That this contention of appellant's must not be read literally is obvious. If the juror had been the victim of the "exact same" type of crime as the capital murder with which appellant was charged she would not have been available to testify at the motion for new trial hearing.

*In such a case* a charge on circumstantial evidence is no longer required. *Hankins v. State,* 646 S.W.2d 191, 199 (Tex.Cr.App. 1983) (Opinion on State's motion for rehearing. Ground of error number seven is overruled." (My emphasis.)

The way I interpret what the majority opinion states is that whether an instruction on circumstantial evidence must be given hinges or is conditioned on whether the jury was instructed on presumption of innocence, on the burden of proof, and instructed that if there was a reasonable doubt the jury should acquit the defendant. If they were, the defendant does not get such an instruction. If they were not, the defendant does get such an instruction.

The majority opinion thus implies that in some cases, as a matter of law, a defendant will be entitled to receive an instruction on circumstantial evidence. It cites *Hankins v. State,* supra, as its authority for this proposition. *Hankins,* supra, however, did not so expressly limit itself.

In fact, but as I and others, including Judge Clinton, the author of the majority opinion in this cause, correctly pointed out in the concurring and dissenting opinions that were filed in *Hankins,* supra, the then aggressive and assertive majority of this Court held that no longer, as a matter of law, would an accused person ever be entitled to an instruction on circumstantial evidence. I stated the following in the dissenting opinion that I filed in *Hankins,* supra: "In any event, the mighty circumstantial evidence charge in our law is now consigned by the majority opinion to its death and burial in the refuse heap of Texas law, preceded in death only recently by the doctrine of carving. See *Ex parte McWilliams,* 634 S.W.2d 815 (Tex.Cr.App. 1982)." (221).

In summary, until *Hankins v. State,* supra, is expressly overruled by this Court, or the Legislature of this State so provides, an accused person in Texas will not ever be entitled, *as a matter of law,* to receive an instruction on circumstantial evidence.