Opinion Issued May 2, 2002














In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-00488-CR

NO. 01-01-00489-CR

____________


JOHN F. BAPTISTE, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 183rd District Court

Harris County, Texas

Trial Court Cause Nos. 846436 and 846435






O P I N I O N

 A jury convicted appellant of indecency with a child and burglary of a
habitation with intent to commit indecency with a child. Appellant pleaded true to
one enhancement paragraph, and the jury assessed punishment at 20 years in prison
for indecency with a child and life in prison for burglary of a habitation with intent
to commit indecency with a child. We affirm.FACTS

 On May 17, 2000, T.W., the 11-year-old complainant, and T.B., her friend, saw
appellant near the gate of an apartment complex. Appellant asked T.B. if she knew
how to dance, and she answered that she did. After appellant led the two girls to the
complex's laundry-mat, he pulled the girls toward an apartment. Appellant told the
girls he was going to do the "Cry Baby," a dance, for them. Appellant also told the
girls that he danced at a strip club.

 Appellant led the girls to the apartment of C.C., a 10-year-old boy, whose
parents were not home. When C.C. answered, appellant pushed the door open and
told C.C. to go to the back room. Appellant pulled the girls inside. Appellant started
dancing the "Cry Baby" while the girls stood in the apartment's dining room. After
appellant finished dancing, he asked the girls if they would like to see his "thing." 
He proceeded to pull out his penis and began shaking it. Appellant then sat on the
sofa, masturbated, and ejaculated.

BATSON CHALLENGE

 In his first point of error, appellant contends that the trial judge erred by not
sustaining his race-based Batson challenge to the State's peremptory strike on venire
member Nichols. See Batson v. Kentucky, 476 U.S. 79, 96-97, 106 S. Ct. 1712, 1723
(1986). We follow the usual standard of review. See Kemp v. State, 846 S.W.2d 289,
304 (Tex. 1992). 

 During the Batson hearing, appellant asserted that the State improperly struck
venire member Nichols because she was African-American. The State responded
with the following race-neutral explanations for the strike:

 Prosecutor: . . . she [Nichols] stated that she had been hit
by a truck. I had concerns about her health by that. She
never received a high school diploma, and she's a
housewife. This case deals with children. I don't believe
she had any children, and I had some concerns about that. 

 

 Trial Judge: [Nichols]--I heard her say a few things. I'll
deny your Batson. I believe [the prosecutor] exercised her
peremptory challenge on race-neutral reasons.


 Defense Counsel: . . . I would respond for the record that
I don't recall [Nichols] saying anything at all about being
hit by a truck or her health.


 Prosecutor: It was on her [jury] slip. It just kind of jumped
out at me.


 . . . 

 

 Defense Counsel: I believe there were other white jurors
that did not have [an] extended education, G.E.D. only
diplomas. As far as her lack of children, again, nothing
was questioned to her about that. 


 Trial Judge: I'm looking at the jury information sheet. She
said she was run over by a truck and didn't finish high
school. (1) 


 . . .. 


 Defense Counsel: Just so the record is clear, the motion
on [Nichols] is overruled?


 Trial Judge: I deny your motion. 

 Based on Nichols's responses, the trial judge could have found that venire
member Nichols was the least educated venire member eligible, had been hit by a
truck, and had no children. Appellant's statements did not rebut the prosecutor's
race-neutral explanations. Thus, the trial judge could have determined that the
reasons for striking venire member Nichols were facially plausible and race-neutral. 
See Purkett v. Elem, 514 U.S. 765, 768, 115 S. Ct 1769, 1771 (1995) (the "ultimate
burden of persuasion regarding . . . motivation rests with, and never shifts from, the
opponent of the strike."); Ford v. State, 1 S.W.3d 691, 693 (Tex. Crim. App. 1999)
(quoting Purkett); Satterwhite v. State, 858 S.W.2d 412, 424 (Tex. Crim. App. 1993)
(trial judge may accept prosecutor's neutral explanations at face value). We hold that
the trial judge's ruling was not clearly erroneous. 

 We overrule appellant's first point of error.


EXTRANEOUS ACTS

 In his second point of error, appellant complains that the trial judge erred by
admitting the rebuttal witnesses' testimony. A trial judge's admission or exclusion
of evidence is reviewed for abuse of discretion. Rankin v. State, 974 S.W.2d 707, 718
(Tex. Crim. App. 1996) (op. on reh'g). 

 Appellant argues that the trial judge erred by allowing evidence of extraneous
acts to show character conformity. See Tex. R. Evid. 404(b). Rule 404(b) states as
follows:

 Evidence of other crimes, wrongs or acts is not admissible
to prove the character of a person in order to show action
in conformity therewith. 


Id. 

 However, this evidence was not admitted to show appellant's character
conformity. It was introduced to impeach appellant's earlier testimony on direct
examination. (2) Appellant twice, during direct examination, testified that he did not
know how to dance. Also, during direct examination, he testified that the girls were
dancing and "started doing that dance about 'Cry Baby' or something." The State on
rebuttal called five witnesses, three of whom testified that appellant had asked them
to watch him dance, and one of whom testified that appellant had told her he knew
how to do the "Cry Baby." This evidence constitutes impeachment evidence, not
propensity evidence. 

 When a defendant leaves a false impression concerning a matter relating to his
credibility, the State can correct that impression. See Ramirez v. State, 802 S.W.2d
674, 675-76 (Tex. Crim. App. 1990). In this case, appellant's direct testimony that
he did not know how to dance and was unfamiliar with the "Cry Baby" dance left the
jury with a false impression. The testimony in rebuttal was elicited to correct that
false impression. Thus, rule 404(b) does not apply, and the trial judge did not abuse
his discretion in overruling appellant's objection. 

 We overrule appellant's second point of error. 

LIMITING INSTRUCTION

 In his third point of error, appellant contends that the trial judge erred by
refusing to give the jury a limiting instruction under rule 404(b) when the State's
rebuttal evidence was elicited. We have held above that rule 404(b) did not bar this
evidence because the evidence was not offered to show character conformity, but was
offered for impeachment. Impeachment is not among the "other purposes" listed in
rule 404(b). See Tex. R. Evid. 404(b). Therefore, no limiting instruction under
404(b) was required. Furthermore, when the testimony in question could be only
used for impeachment, no limiting instruction is required. See Cantrell v. State, 731
S.W.2d 84, 95 (Tex. Crim. App. 1987).

 In this case, the trial judge included a rule 404(b) limiting instruction in the
jury charge. (3) Thus, even if appellant had been entitled to a contemporaneous rule
404(b) instruction during testimony, the 404(b) instruction in the jury charge cured
any such alleged error, as it did in Rankin v. State. 974 S.W.2d 707, 712-13 (Tex.
Crim. App. 1996), on remand, 995 S.W.2d 210, 214 (Tex. App.--Houston [14th
Dist.] 1999, pet. ref'd); see also Lemmons v. State, No. 04-00-00557-CR slip op. at
10-11, (Tex. App.--San Antonio Feb. 13, 2002, n.p.h.) (designated for publication)
(holding that inclusion of a rule 404(b) limiting instruction in the jury charge coupled
with the short amount of time before the jury received the charge constituted harmless
error). Appellant cites no case that has held that the failure to give a rule 404(b)
contemporaneous limiting instruction, standing alone, was reversible error. See
Hammock v. State, 46 S.W.3d 889, 891-92 (Tex. Crim. App. 2001) (holding that
failure to give a contemporaneous limiting instruction under rule 404(b) and denying
such a limiting instruction in the charge was reversible error). We hold that the trial
judge did not err by denying appellant's request for a limiting instruction.

 We overrule appellant's third point of error.

ALLEN CHARGE

 In his fourth point of error, appellant argues that the trial judge erred by giving
the jury an Allen charge without any indication that the jury was deadlocked. See
Allen v. United States, 164 U.S. 492, 501-02, 17 S. Ct. 154, 157 (1896).

 We review a trial judge's decision to give an Allen charge for abuse of
discretion. See Loving v. State, 947 S.W.2d 615, 620 (Tex. App.--Austin 1997, no
pet.). Absent a showing that the Allen charge resulted in an improper verdict, error,
if any, is harmless. Griffith v. State, 686 S.W.2d 331, 333 (Tex. App.--Houston [1st
Dist.] 1985, no pet.). 

 On March 13, 2001, the jury deliberated for one hour, beginning at 5:20 p.m.,
before being recessed for the evening. During this time, the jury sent three notes to
the judge. The first note, which was not time-stamped, asked four questions: 

 1) Are we as a jury empowered to assess the sentences to
be served consecutively? 2) Can we review evidence on
previous convictions? and 3) What happens if we can not
agree on the sentence? Does the decision defer to the
judge? 


 The trial judge replied by referring the jury to the Court's charge. The second
note, time-stamped at 5:45 p.m., asked whether the total years were served
consecutively or concurrently. The trial judge again answered by referring the jury
to the Court's charge. The third note, time-stamped at 5:47 p.m., asked the difference
between 99 years in prison and life imprisonment. The trial judge refused to answer
the question. The next day, the jury continued deliberations at 9:30 a.m. and reached
a verdict at 11:35 a.m. Before the jury reached its verdict, a note, which was not
time-stamped, was sent to the trial judge, asking how to resolve the jury's
disagreement in sentencing. The trial judge responded by giving the jury an Allen
charge. (4) 

 The trial judge's charge to the jury was not coercive. Appellant argues the trial
judge's instruction was premature because the jury had deliberated for only three
hours. The length of time that a jury is allowed to deliberate rests within the sound
discretion of the trial judge. DeLuna v. State, 711 S.W.2d 44, 48 (Tex. Crim. App.
1986). We hold that the trial judge's decision to give an Allen charge after four
inquires, one of which noted the jury's disagreement on sentencing, was not an abuse
of discretion. (5)
 

 We overrule appellant's fourth point of error.

 We affirm the judgment. 

 

 

 Murry B. Cohen

 Justice


Panel consists of Justices Cohen, Nuchia, and Price. (6) 

Do not publish. Tex. R. App. P. 47.







 


 
1. The juror cards indicated that 10 of the seated jurors had children, one juror
had no children, and another juror left the question blank. 
2. The trial judge explicitly stated:


 [The State] stated [the evidence] is not to the level of
extraneousness, but I think she has the right to impeach his
testimony since he has testified. And that's what they're
presenting [rebuttal witnesses] to the Court. They are
going to call these witnesses as impeachment witnesses.
3. Appellant did not request an instruction in the jury charge regarding
impeachment.
4. Appellant does not allege that the Allen charge was improperly worded. 
Appellant contends only that the Allen charge was given prematurely.
5. Appellant relies on Loving v. State, which is distinguishable. 947 S.W.2d 615
(Tex. App.--Austin 1997, no pet.). In Loving, the court held that the trial
judge did not err by giving an Allen charge before the jury indicated that it was
deadlocked. Loving, 947 S.W.2d at 620. In this case, the jury's final note
indicated that it might have been deadlocked on the issue of sentencing. 


6. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.