**Carlos DeLUNA, Petitioner-Appellant,**

**v.**

**James A. LYNAUGH, Director, Texas Department of Corrections, Respondent-Appellee.**

No. 88–2613.

United States Court of Appeals, Fifth Circuit.

April 26, 1989.

Richard Anderson, Dallas, Tex., for petitioner-appellant.

Wm. C. Zapalac, Asst. Atty. Gen., Jim Mattox, Atty. Gen., Austin, Tex., for respondent-appellee.

Before POLITZ, WILLIAMS and JONES, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Appellant, Carlos DeLuna, was convicted of capital murder of a gasoline station clerk during the course of committing a robbery. In a separate punishment proceeding he was sentenced to death. He was convicted in July 1983, and his conviction and sentence were affirmed on direct appeal in the state court. *DeLuna v. State*, 711 S.W.2d 44 (Tx.Crim.App.1986). Execution date was set for October 15, 1986. The Supreme Court of the United States denied leave to file an out-of-time petition for writ of certiorari on October 10, 1986. Appellant then filed an application for writ of habeas corpus and a stay of execution in the Texas trial and appellate courts. The Court of Criminal Appeals denied all requested relief October 13, 1986. A petition for writ of habeas corpus, 28 U.S.C. § 2254, and a motion for stay of execution were filed in the United States District Court, and the district court granted a stay.

After various pleadings and delays at the request of appellant's counsel, the district court issued an order denying habeas corpus relief on June 13, 1988, and cancelling the stay of execution. The district court later denied a motion for relief from judgment under Fed.R.Civ.P. 60(b) on July 19, 1988. Appellant has appealed both from the denial of the habeas corpus petition and the denial of the motion for relief from judgment.

The Attorney General of Texas informed this Court that it would not ask that a new execution date be set until after the appeals were heard in this Court. The State filed a motion for an expedited appeal; it was denied. Briefing was completed around the first of this year. The Court has taken the time since then to give this capital case thorough serious consideration.

The claims asserted on appeal all revolve around the issue of the adequacy of representation by counsel at the punishment stage of the trial as it arises under the Sixth and Fourteenth Amendments of the United States Constitution. We make our own enumeration of those issues to accomplish a clearer focus upon the precise claims advanced on behalf of appellant:

1. Appointed counsel representing appellant at trial were inadequate in presenting evidence in mitigation at the punishment phase of the trial.

2. Appellant was constitutionally entitled to an oral hearing before the court on his petition for habeas corpus.

3. Effective assistance of counsel was denied because the State of Texas has no procedure for supplying counsel in habeas corpus cases involving the death penalty.

*Adequate representation by counsel.*

■ The core of this allegation is that appellant's counsel did not put on the witness stand relatives and friends who would have "begged for his life" and who would have testified that he was kind and loving to his family members. In addition, he asserts that such mitigating testimony should have included emphasis upon his "youth", his "low level of intelligence", and his "substance abuse".

The decision not to claim his youth, intelligence level, and substance abuse was the kind of decision properly left to counsel. His age was the full adult age of 21 at the time he committed the offense. This age is in the background of evidence showing that at the age of 18 he had been convicted of unauthorized use of a motor vehicle and attempted rape, and sentenced to three years in prison. The day after he was released on parole he attempted to rape the mother of a friend. For this offense his parole was revoked. He had been released from penitentiary only six weeks before the current offense was committed.

The allegation of a low level of intelligence is not supported by any evidence of any kind. The only evidence available as to his intellectual level was a showing by the State that he had been examined by a psychiatrist and found competent, and that he had successfully taken high school academic courses while he was in prison. The claim of "substance abuse" is not supported by any proffered evidence.

An attempt to emphasize any of these three alleged claims might well have resulted in backfire, destroying any attempt to try to convince the jury that a life sentence was appropriate. There remains only the issue, therefore, as to whether failure to put family and friends on the stand establishes inadequate representation by counsel.

In *Strickland v. Washington* 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), the Supreme Court held that "[t]he bench mark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." The Supreme Court established a two-prong test for determining the effectiveness of counsel's performance:

A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversarial process that renders the result unreliable.

466 U.S. at 687, 104 S.Ct. at 2064.

In determining the deficiency of counsel's conduct, the relevant inquiry is whether counsel's representation fell below an objective standard of reasonableness as informed by prevailing professional standards. 466 U.S. at 688, 104 S.Ct. at 2065. This assessment of attorney performance requires that conduct be evaluated from counsel's perspective at the time of occurrence. "Judicial scrutiny of counsel's performance must be highly deferential." 466 U.S. at 689, 104 S.Ct. at 2065. Because of the difficulties of such an evaluation, the Supreme Court has directed us to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (citations omitted); *see also Knighton v. Maggio,* 740 F.2d 1344, 1350 (5th Cir.1984), *cert. denied,* 469 U.S. 924, 105 S.Ct. 306, 83 L.Ed.2d 241 (1984).

Then, second, as is stated in the extensive quotation from *Strickland* above, mere error by counsel, however, even if professionally unreasonable, does not justify setting aside the judgment of a criminal proceeding if the error had no adverse impact on the defense. Thus, to assert successfully a claim of ineffectiveness, the defendant must also affirmatively prove prejudice.

The district court concluded that the decision of trial counsel simply to make a strong statement as a plea for a life sentence was an acceptable trial strategy. We agree that this was a reasonable decision of defense counsel because in a case such as this witnesses claiming considerations of dubious merit may well cause the jury to react unfavorably when it has full knowledge of the brutal crime and the criminal's prior felonious record. Under these circumstances, we cannot conclude that the district court was in error in finding that the attorneys representing appellant acted at least at the level of reasonable professional standards. Placing such witnesses on the stand opened the opportunity for cross-examination which could have resulted in a further dramatization of the heinous crime and the prior criminal record.

Since we have concluded that there is no showing that appellant's counsel at the punishment stage of the trial fell below accepted standards of competence and conduct, it is unnecessary to inquire into the second objective issue as to whether any prejudice was shown. We simply state

that the district court in its memorandum order also found no showing of prejudice.

The conclusion that trial counsel met acceptable professional standards also constitutes a determination that the district court was not in error in denying DeLuna's motion for relief from the order pursuant to Fed.R.Civ.P. 60(b). That motion was filed together with an amended petition for writ of habeas corpus which undertook to name the names of family members and friends who would testify and to supply affidavits from them as to appellant's personal conduct with them. This claim was made, but without details and affidavits, in the first habeas corpus application which was before the court. We find no abuse of discretion in the failure to grant the Rule 60(b) motion and the proffer of the amended habeas corpus petition which actually added no new contention. The separate appeal from this denial of the motion must result in affirmance of the decision of the district court.

*Right to an Oral Hearing.*

■ A second issue raised by appellant is the failure to grant an oral hearing with respect to his habeas corpus petition. As the discussion of the evidence set out above reveals, there was nothing to hear. The activities of the attorneys at the punishment phase of the trial were clearly before the court, and appellant did not raise a fact issue as to what occurred. Appellant did not propose putting on any evidence to establish that the attorneys' effectiveness did not reach required norms. The appellant stood on the factual record of what happened, and the district court considered it fully. Since no dispute as to the facts was raised, appellant did not meet the required burden of undertaking to prove facts which would entitle him to relief. *Willie v. Maggio,* 737 F.2d 1372 (5th Cir. 1984).

The entire matter of the right to a hearing, even in a capital case, was recently presented in this Court's opinion in *Byrne v. Butler,* 845 F.2d 501, 512 (5th Cir.1988), *cert. denied,* —— U.S. ——, 108 S.Ct. 2918, 101 L.Ed.2d 949 (1988). In that opinion we concluded:

[I]f the record is clearly adequate to fairly dispose of the claims of inadequate representation, further inquiry is unnecessary, *Baldwin v. Maggio,* 704 F.2d 1325, 1339 (5th Cir.1983), *cert. denied,* 467 U.S. 1220, 104 S.Ct. 2669, 81 L.Ed.2d 374 (1984); *see also Joseph v. Butler,* 838 F.2d 786, 788 (5th Cir.1988).

Just as in the case before us, the Court considered the record in *Byrne v. Butler* and concluded "... that Byrne's claims may be resolved without recourse to an evidentiary hearing." *Id.*

*Constitutional Obligation to Supply Counsel.*

■ Finally, appellant claims a violation of the Constitution because the State of Texas has not set up specific procedures for the supplying of counsel once the direct appeal of a conviction to the Court of Criminal Appeals has been decided. This contention was not made to the state courts and thus there has been no exhaustion of state remedies. In addition, this claim was not presented to the district court and is not properly before us for consideration. *Profitt v. Waldron,* 831 F.2d 1245, 1250 (5th Cir.1987). We have held, however, that where a question has not been earlier raised and is a question solely of law we may consider it because of the possibility that it may "be resurrected in a new petition,...." *Long v. McCotter,* 792 F.2d 1338, 1345 (5th Cir.1986). We simply state, therefore, that the law is clearly established that there is no constitutional right to appointed counsel in collateral proceedings such as a habeas corpus petition. *Pennsylvania v. Finley,* 481 U.S. 551, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987). Appellant received representation by appointed counsel through his trial and his direct appeal to the Texas Court of Criminal Appeals. He has had volunteer counsel in his state and federal habeas corpus petitions. Certainly no prejudice has been shown in his case. He has no standing, therefore, to raise the issue. His assertion is no more than a general policy claim that guaranteed legal assistance should be supplied in habeas corpus proceedings. Such is not the law.

We deny both the appeal from the denial of the petition for habeas corpus under 28 U.S.C. § 2254 and from the denial of the motion for relief from judgment under Fed. R.Civ.P. 60(b).

CONSOLIDATED APPEALS AFFIRMED.