**Carlos DeLUNA, Petitioner–Appellant,**

v.

**James A. LYNAUGH, Director, Texas Department of Corrections, Respondent–Appellee.**

**No. 89–6262.**

United States Court of Appeals, Fifth Circuit.

Dec. 5, 1989.

As Corrected Jan. 12, 1990.

---

R.K. Weaver, Dallas, Tex., for petitioner-appellant.

William C. Zapalac, Asst. Atty. Gen., Enforcement Div., Austin, Tex., for respondent-appellee.

Before POLITZ, WILLIAMS and JONES, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Appellant, Carlos DeLuna, was convicted of capital murder and sentenced to death by lethal injection. On direct appeal, the Texas Court of Criminal Appeals affirmed the conviction and the sentence. *See, De-Luna v. State,* 711 S.W.2d 44 (Tex.Crim. App.1986).

In a prior habeas corpus proceeding, this Court considered appellant's claims (1) that he received inadequate assistance of counsel at trial, (2) that he was entitled to an oral hearing before the court on his habeas claim, and (3) that he was denied effective assistance of counsel on appeal. *DeLuna v. Lynaugh,* 873 F.2d 757 (5th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 259, 107 L.Ed.2d 208 (1989). The Court determined that these claims were not meritorious and upheld the district court's denial of the application for writ of habeas corpus. *Id.*

After the Supreme Court refused appellant's petition for writ of certiorari, the state trial court, on November 2, 1989, rescheduled the execution for December 7, 1989. Appellant then filed another application for writ of habeas corpus in the state court. The trial court entered findings of fact and referred the matter to the Court of Criminal Appeals. The Court of Crimi-

nal Appeals denied appellant's requested relief.

Appellant next filed this current petition as a second application for writ of habeas corpus in federal district court. The district court denied the request in a thorough and well-reasoned order. The court granted a certificate of probable cause to appeal. 28 U.S.C. § 2253.

After careful consideration, we concur in the district judge's findings and conclusions. His order is attached for further reference. In addition, we add our own supplementary conclusions by way of emphasis. Appellant asserts the following three claims as alternate grounds for his relief.

(1) The Texas death penalty statute, Tex. Code Crim.Proc.Ann. art. 37.071, as applied to appellant, denied him his constitutional rights because it did not allow for the effective presentation or consideration of mitigation evidence concerning appellant's past difficulties with drug and alcohol abuse, his personal background, his youth, or his mental condition;

(2) The Texas death penalty statute, as applied to appellant, denied him his constitutional rights because the jury was fundamentally misled as to the meaning of "deliberately" in Special Issue Number One; and

(3) Appellant was denied his constitutional right to discharge his appointed trial attorneys and represent himself on appeal.

The State of Texas responds that each of these claims should be dismissed for abuse of the writ under Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

### I. Mitigation Instruction

■ Appellant argues that under *Penry v. Lynaugh*, — U.S. ——, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989), he was entitled to a jury instruction on the effect of his mitigating evidence. It is clear from the record, however, that appellant introduced no mitigating evidence at trial. In our prior habeas consideration, we concluded that it was a reasonable tactical decision of appellant

and his counsel not to submit evidence in mitigation because such evidence would have opened the door to the introduction in evidence of a prior criminal record of appellant which otherwise was not before the jury. *See, DeLuna v. Lynaugh*, 873 F.2d 757, 759–60 (5th Cir.1989). Because he deliberately failed to introduce mitigating evidence as a tactical decision, appellant's case does not come within the requirements announced in *Penry v. Lynaugh*, 109 S.Ct. 2934.

■ Appellant also is not within the *Penry* rule because of the kind and quantum of mitigating evidence appellant now claims he would have offered. Penry produced considerable mitigating evidence of his mental retardation and abused background. Appellant, on the other hand, suggests that, given a mitigation instruction, he would have offered evidence of "his past difficulties with drug and alcohol abuse, his personal background, his youth, and his mental condition." It is significant, however, that appellant makes no claim that he was abused as a child or that his alcohol and drug use significantly reduced his mental capacities. In addition, appellant has not shown any evidence of mental retardation. Instead, the psychological reports prepared for trial indicate that appellant registered at worst borderline mental capacity. Two different examiners concluded that appellant was malingering. As to youth, appellant was 21 when the crime was committed. We must conclude that appellant has made no showing of mitigating evidence that could even arguably bring him within the *Penry* rule.

### II. "Deliberately" Instruction

■ Appellant argues that under *Penry*, he was entitled to an instruction on the meaning of "deliberately" as "deliberately" was used in the first special issue. The Court in *Penry* ruled that it was error to fail to define "deliberately" because without such a definition, the jury could not adequately consider *Penry*'s mitigating evidence of the incapacitating effect of his men-

tal retardation. Again, appellant has not produced at any time any evidence of mental retardation which could have had any impact upon his ability to act deliberately. We conclude therefore that this is not a case requiring protection of an accused who might be unable to act deliberately.

### III. Self-representation

Appellant's final claim is that he was denied the right to represent himself on appeal. The district court dismissed this claim for abuse of the writ because appellant presented no excuse for his failure to assert this claim in his earlier proceeding. The law as to such a claim was established well before the first habeas petition. Any such claim had to be made at that earlier time. We agree that this conclusion was correct.

### IV. Conclusion

We have given full serious consideration to each of appellant's claims. Because we conclude that these claims are without merit, DeLuna's requests for a stay of execution and for habeas corpus relief are denied.

APPLICATION FOR HABEAS CORPUS DENIED.

STAY OF EXECUTION DENIED.

### APPENDIX

In the United States District Court

for the Southern District of Texas

Corpus Christi Division

C.A. NO. C–89–336

Carlos DeLuna, Petitioner,

v.

James A. Lynaugh, Director,

Texas Dept. of Corrections, Respondent.

ORDER DENYING PETITIONS FOR HABEAS CORPUS AND FOR STAY OF EXECUTION

Petitioner's applications for a writ of habeas corpus and a stay of execution are denied. 28 U.S.C. § 2254. The Court has considered petitioner's arguments in this second petition filed in federal court and has determined that no relief is warranted.

### PROCEDURAL HISTORY

Respondent has lawful and valid custody of DeLuna pursuant to a judgment and sentence of the 28th Judicial District Court of Nueces County, Texas, in Cause No. 83–CR–194–A, styled *The State of Texas v. Carlos DeLuna.* DeLuna was indicted for the February 4, 1983, murder of Wanda Lopez while in the course of committing and attempting to commit robbery, a capital offense. He pleaded not guilty to the indictment and was tried by a jury. A jury was impaneled on July 13, 1983, and the trial began afterwards. The jury found DeLuna guilty of capital murder on July 20, 1983. After a separate hearing on punishment, the jury returned affirmative answers to the special issues submitted pursuant to *Tex.Code Crim.Proc.Ann.* art. 37.-071(b) (Vernon Supp.1989). Accordingly, DeLuna's punishment was assessed at death by lethal injection. His conviction and sentence were affirmed on direct appeal on June 4, 1986. *DeLuna v. State,* 711 S.W.2d 44 (Tex.Crim.App.1986).

The trial court scheduled DeLuna's execution to take place before sunrise on October 15, 1986. DeLuna filed a motion for leave to file an out of time petition for writ of certiorari in the Supreme Court, which was denied on October 10, 1986. He then filed a request for stay of execution and an application for writ of habeas corpus in the state convicting court. On October 13, 1986, the Court of Criminal Appeals denied all requested relief. *Ex parte DeLuna,* No. 16,436–01. DeLuna immediately filed a motion for stay of execution and a petition for writ of habeas corpus in this Court. The Court granted a stay of execution on October 14, 1986. On November 12, 1986, respondent filed a motion for summary judgment. The Court directed DeLuna to respond to the motion within ten days in an order dated December 15, 1986. After obtaining two extensions of time, DeLuna's response was filed on January 23, 1987. On June 13, 1988, this Court issued its

order denying habeas corpus relief. *DeLuna v. Lynaugh*, No. C–86–234 (S.D.Tex. 1988). DeLuna then filed a motion for relief from order pursuant to Fed.R.Civ.P. 60(b) on June 29, 1988, along with an amended petition for writ of habeas corpus. On July 12, 1988, DeLuna sought leave to attach affidavits and other evidentiary material to his amended petition. The Court denied the motion for relief from judgment on July 19, 1988.

After full briefing of the issues, the Court of Appeals for the Fifth Circuit affirmed this Court's denial of relief. *DeLuna v. Lynaugh*, 873 F.2d 757 (5th Cir.1989). Rehearing was denied on May 26, 1989. The Supreme Court denied the petition for writ of certiorari on October 10, 1989. *DeLuna v. Lynaugh*, —— U.S. ——, 110 S.Ct. 259 [107 L.Ed.2d 208] (1989).

On November 2, 1989, the trial court scheduled DeLuna's execution to be carried out before sunrise on December 7, 1989. On the same day, DeLuna filed an application for writ of habeas corpus in the trial court. After reviewing the application, the state's answer, and DeLuna's response, the trial court entered findings of fact and referred the petition and state court records to the Court of Criminal Appeals. The Court of Criminal Appeals entered an order denying relief on November 29, 1989. *Ex parte DeLuna*, Application No. 16,436–02 (Tex.Crim.App.1989).

Petitioner filed this, his second writ of habeas corpus in this Court, on November 30, 1989. Respondent answered and moved for dismissal based upon abuse of the writ. The Court, in accordance with *Hawkins v. Lynaugh*, 862 F.2d 482 (5th Cir.), *petition for cert. filed*, [—— U.S. ——, 109 S.Ct. 569, 102 L.Ed.2d 593] (1989), held a hearing by telephone conference call on December 2, 1989, in which to allow petitioner's attorney an opportunity to respond to respondent's motion to dismiss for abuse of the writ process.

## STATEMENT OF FACTS

Testimony at the state court trial showed that during a robbery of a Shamrock gas station on South Padre Island Drive in Corpus Christi, DeLuna fatally stabbed the clerk, Wanda Lopez. He was seen and identified by witnesses before, during, and after the offense. Police apprehended DeLuna after they conducted a search of a nearby neighborhood and found DeLuna hiding underneath a parked truck. *State v. DeLuna*, 711 S.W.2d at 45.

Petitioner presented no evidence during the punishment phase of the trial (Statement of Facts, Vol. XII at 50).

## DISCUSSION

Petitioner raises three issues in his petition for writ of habeas corpus:

1. The Texas capital-sentencing statute as applied in this case denied petitioner his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments by precluding the introduction and consideration of available mitigation evidence about his past difficulties with drug and alcohol abuse, his personal background, his youth, and his mental condition.

2. The Texas capital-sentencing statute as applied in this case denied petitioner his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments because the jury was fundamentally misled as to the meaning of the term "deliberately" in the first punishment issue.

3. Petitioner was denied his rights under the Sixth, Eighth, and Fourteenth Amendments when he was denied the right to represent himself at the hearing on the motion for new trial and on appeal.

The parties are in agreement that DeLuna has exhausted his state court remedies.

## ABUSE OF WRIT

Pending is respondent's motion to dismiss for abuse of the writ procedure because petitioner failed to raise this challenge in his first petition for writ of habeas corpus filed with this Court. Rule 9(b) of the Rules Governing § 2254 Cases in the

United States District Court states in pertinent part:

> A second or successive petition may be dismissed if ... new or different grounds are alleged, [if] the judge finds that the failure of the petitioner to assert those grounds in a prior written petition constituted an abuse of the writ.

The writ of habeas corpus will be dismissed for abuse of the writ if petitioner files one petition, then files a subsequent petition in which he makes an argument that he withheld from the earlier petition without legal excuse. *Hamilton v. McCotter,* 772 F.2d 171, 176 (5th Cir.1986), *reh'g denied,* 777 F.2d 701. Legal excuse can exist if, after the first petition, the basis for the newly asserted claim arises because the law changes or the petitioner becomes aware or chargeable with knowledge of facts which make the new claim viable. *Id.*

Although petitioner argues that the recent Supreme Court case of *Penry v. Lynaugh,* [— U.S. —,] 109 S.Ct. 2934) [106 L.Ed.2d 256 (1989) ], *cert. denied,* [— U.S. —] 109 S.Ct. 1576 [103 L.Ed.2d 942] (1989), constitutes a change in the law which now makes at least petitioner's first and second claims viable, the Supreme Court and Fifth Circuit have held otherwise. *Id.* [109 S.Ct.] at 2946; *King v. Lynaugh,* 868 F.2d 1400, 1402–03 (5th Cir. 1989). In *King v. Lynaugh,* the Fifth Circuit held that the *Penry* claims are not "recently found legal theor[ies] not knowable by competent trial counsel." *Id.* Thus, petitioner's first and second grounds for writ of habeas corpus may be dismissed for abuse of the writ.

Petitioner's third contention, that he was denied the right to represent himself at the motion for new trial and on appeal, should be dismissed on grounds of abuse of the writ. There is no legal excuse for this late submission of this ground. First, the law on which petitioner relies existed at the time of his first petition. *See Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525 [45 L.Ed.2d 562] (1975); *Thomas v. State,* 605 S.W.2d 290 (Tex.Crim.App.1980); *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830 [83 L.Ed.2d 821] (1985). Second, the petitioner was aware of the facts of this pro se representation contention during his direct appeal and during consideration of the first habeas proceeding before this Court.

This Court held a hearing by telephone conference call to give petitioner an opportunity to show cause why he should not have his cause dismissed for abuse of the writ. Petitioner's counsel in this habeas proceeding explained the failure to advance this pro se representation error during the first habeas proceeding as being a mistake on the part of the first habeas attorney. In essence, present counsel argues the first habeas attorney did not appreciate and understand the facts and viability of this argument. Because of this mistake, this argument was not advanced.

The Court denies respondent's motion to dismiss with respect to the *Penry* claims, but grants it with respect to the attorney claims. Even though the mitigation issues with respect to the Texas death penalty statute have been well known among the Bar, *King v. Lynaugh,* 868 F.2d at 1403, the Court believes that the better discretion is to address this matter on the merits to allow a full development of the law, if further development is needed.

## NO INSTRUCTION ON MITIGATION

For his first issue, petitioner relies upon *Penry v. Lynaugh, supra,* to establish that the death penalty statute does "not allow for the effective introduction or consideration of available mitigating evidence concerning the petitioner's past difficulties with drug and alcohol abuse...." *Penry* makes no such holding as to either the introduction or consideration of mitigating evidence. *Penry*'s lesson is that the Texas death penalty scheme is constitutional, *Jurek v. State,* 428 U.S. 262, 96 S.Ct. 2950 [49 L.Ed.2d 929] (1976), and may be applied, provided the jury is given adequate instructions to consider the effect of mitigating evidence in answering the statutory questions of the Texas death penalty scheme. *Penry* recognizes that the death penalty statute had passed constitutional muster in *Jurek v. State, supra,* but that when cer-

tain types of mitigating evidence was presented, the jury should be instructed on how to consider that evidence if an instruction is requested. In this case, petitioner presented no mitigating evidence and, indeed, withdrew his request for an instruction on mitigation.

It has already been held in response to petitioner's first petition for writ of habeas corpus that the failure to present such evidence was a tactical decision made by competent trial counsel. *DeLuna v. Lynaugh*, 873 F.2d at 759–60.

## NO DEFINITION OF DELIBERATELY

For his second issue, petitioner complains that the jury was not given instructions defining the term "deliberately" in Special Issue No. One. In *Penry*, the failure of an instruction to define "deliberately" reversed Penry's conviction because evidence of the mitigating effects of his mental retardation could not be adequately considered without an instruction on the meaning of "deliberately." Penry submitted mitigating evidence to the jury, but DeLuna did not. Because there is no evidence upon which the jury could be confused as to meaning of "deliberately," it is not error to fail to define it to the jury. For the foregoing reasons, *Penry* does not invalidate the application of the Texas death penalty statute to the petitioner.

Accordingly, DeLuna's challenge to the constitutionality of the Texas death penalty statute as set forth in his first and second issues is denied on the merits, and DeLuna's challenge to denial of his rights of self-representation is dismissed for abuse of the writ. Petitioner's requests for a stay of execution and for habeas corpus relief are denied.

ORDERED this 2nd day of December, 1989.

(s) H.W. Head, Jr.
Hayden W. Head, Jr.
United States District Judge

## JUDGMENT

For the reasons set forth in its opinion, it is the judgment of the Court that petitioner is denied all relief requested in his application for stay of execution.

ORDERED this 2nd day of December, 1989.

(s) H.W. Head, Jr.
Hayden W. Head, Jr.
United States District Judge.