ACCEPTED
12-15-00031-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
7/23/2015 3:41:08 PM
CATHY LUSK
CLERK

NOS. 12-15-00031-CR AND 12-15-00032-CR

IN THE COURT OF APPEALS OF THE STATE OF TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS

TWELFTH SUPREME JUDICIAL DISTRICT

7/23/2015 3:41:08 PM
CATHY S. LUSK
Clerk

TYLER, TEXAS

_____

MITZI GAIL ALLGOR,

APPELLANT

V.

THE STATE OF TEXAS

_____

TRIAL COURT CAUSE NOS. CF1302373 AND CF1302374

COUNTY COURT AT LAW, NACOGDOCHES COUNTY, TEXAS

**STATE'S BRIEF**

_____

Stephanie Stephens
Assistant County Attorney
101 W. Main, No. 230
Nacogdoches, Texas 75961
936.560.7788
Fax 936.560.7809
Bar #19160055

ORAL ARGUMENT REQUESTED ONLY IF REQUESTED BY APPELLANT

# TABLE OF CONTENTS

**IDENTITY OF PARTIES** ........................................................................................... III

**INDEX OF AUTHORITIES**....................................................................................... IV

**STATEMENT OF THE CASE**....................................................................................1

**RESPONSE TO ISSUES PRESENTED** ...................................................................3

**STATEMENT OF FACTS**.........................................................................................3

**SUMMARY OF THE ARGUMENTS**.......................................................................7

**STATE'S RESPONSE TO APPELLANT'S ISSUE NO. 1**:

APPELLANT'S TRIAL COUNSEL WAS NOT INEFFECTIVE IN HIS REPRESENTATION OF THE APPELLANT **.8**

**CONCLUSION AND PRAYER** ...............................................................................17

**CERTIFICATE OF COMPLIANCE**.........................................................................18

**CERTIFICATE OF SERVICE** .................................................................................18

ii

## IDENTITY OF PARTIES

**Mitzi Gail Allgor,** *Appellant*.

**Honorable Jack Sinz**, *Judge of the County Court at Law of Nacogdoches County,* 101 West Main, Nacogdoches, Texas 75961.

**Stephanie Stephens**, *Assistant County Attorney for Nacogdoches County, Texas, Attorney at Trial and on Appeal,* 101 West Main, No. 230, Nacogdoches, Texas 75961.

**Lee Westmoreland,** *Trial Counsel for Appellant*, 416 Sunset Avenue, Nacogdoches, Texas 75961.

**Noel D. Cooper,** *Appellate Counsel for Appellant*, 117 North Street, Suite 2, Nacogdoches, Texas 75961.

# INDEX OF AUTHORITIES

**CASES**

*Bohnet v. State,* 938 S.W.2d 532 (Tex. App.—Austin 1997) ..............................8, 10

*Black v. State*, 816 S.W.2d 350, 356 (Tex. Crim. App. 1991), *cert. denied* 112 S.Ct. 2983 (1992)....................................................................................................... 9

*Calderon v. State*, 950 S.W.2d 121, 127 (Tex. App.--El Paso 1997) ......................... 12

*Cannon v. State*, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984)............................... 8

*Darden v. Wainwright,* 477 U.S. 168, 184, 106 S. Ct. 2464, 2473, 91 L. Ed. 144 (1986) ...................................................................................................... 9

*Delorio v. State*, 840 S.W.2d 443 (Tex. Crim. App. 1992) .................................... 10

*DeLuna v. Lynaugh*, 873 F.2d 757 (5th Cir. 1989), *cert. denied* 110 S.Ct. 556 107 L.Ed. 2d 552 (1989) ....................................................................................... 9

*Gamble v. State,* 916 S.W.2d, 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.) ...................................................................................................... 10

*Hebert v. State*, 853 S.W.2d 207 (Tex. App.—Beaumont 1993, no pet. reported) .... 9

*Hernandez v. State,* 988 S.W.2d 770 (Tex. Crim. App. 1999) ...........................9, 12

*Ex parte Kunkle*, 852 S.W.2d 499, 505 (Tex. Crim. App. 1993), *cert. denied*, 114 S.Ct. 122 (1994) .......................................................................................... 8

*McFarland v. State*, 845 S.W.2d 824 (Tex. Crim. App. 1992), *cert. denied*, 113 S.Ct.

2937 (1993) ........................................................................................ 8

*McFarland v. State*, 928 S.W. 2d 482, 500 (Tex. Crim. App. 1996) ....................... 11

*Miniel v. State*, 831 S.W.2d 310, 323 (Tex. Crim. App. 1992) ................................ 10

*Roberson v. State*, 852 S.W.2d 508 (Tex. Crim. App. 1993); *Delrio v. State*, 840

S.W.2d 443 (Tex. Crim. App. 1992).................................................................. 10

*Ex parte Robinson*, 639 S.W.2d 953, 954 (Tex. Crim. App. 1982)............................. 8

*Strickland v. Washington*, 466 U.S. 668, 689, 104 S. Ct. 2052, 2065 (1984) ........9, 10

*Ex parte Welborn*, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990)............................ 10

## STATUTES

TEX. CODE CRIM. PROC. ANN. Art. 36.01(b)................................................................. 12

TEX. CODE CRIM. PROC. ANN. Art. 42.12 §3 and 4 ....................................................... 16

TEX. PEN. CODE ANN. §38.03 ................................................................................... 2

TEX. PEN. CODE ANN. §12.21 ................................................................................. 13

TEX. PEN. CODE ANN. §12.43 ................................................................................. 13

TEX. HEALTH & SAFETY CODE ANN. §481.121 ................................................................ 2

Nos. 12-15-00031-CR and 12-15-00032-CR

IN THE COURT OF APPEALS OF THE STATE OF TEXAS

TWELFTH SUPREME JUDICIAL DISTRICT

TYLER, TEXAS

_____

MITZI GAIL ALLGOR,
APPELLANT

v.

THE STATE OF TEXAS

_____

TRIAL COURT CAUSE NOS. CF1302373 AND CF1302374

COUNTY COURT AT LAW, NACOGDOCHES COUNTY, TEXAS

**STATE'S BRIEF**

_____

Comes now the State of Texas, by and through her Assistant County Attorney for Nacogdoches County, Texas, and files this brief in the above styled and numbered cause.

**STATEMENT OF THE CASE**

The Appellant was charged by information with the offenses of Resisting

Arrest, in contravention of **TEX. PEN. CODE ANN.** §38.03 and Possession of Marijuana, in contravention of **TEX. HEALTH & SAFETY CODE ANN.** §481.121. On October 15, 2014 a jury was selected to hear evidence on the matter, and on November 20, 2014 evidence began. That same day the jury returned a finding of guilty as to both charges. The Appellant had requested that in the event of a conviction, the punishment in these cases be assessed by the Court, and requested that a Pre-Sentence Investigation be completed. The case was reset for sentencing. On January 8, 2015 a sentencing hearing was held, and the Court assessed punishment in the Resisting Arrest case at two hundred and forty days in the county jail, and in the Possession of Marijuana case at one hundred and twenty days in the county jail. No Motion for New Trial was filed. The Appellant timely filed Notice of Appeal on January 8, 2015, and Appellant Counsel was appointed by the Court on January 9, 2015.

# RESPONSE TO ISSUES PRESENTED

## State's Response to Appellant's Issue No. 1:

**APPELLANT'S TRIAL COUNSEL WAS NOT INEFFECTIVE IN HIS REPRESENTATION OF THE APPELLANT.**

## STATEMENT OF FACTS

On October 8, 2013, Officer Brett Ayers of the Nacogdoches Police Department was working an approved extra job providing security at Eastwood Terrace Apartments in Nacogdoches. R.R Vol. 1 at Page 19. He noticed a vehicle being driven by the Appellant driving recklessly and at a high rate of speed through the complex. When the Appellant's vehicle came to a stop, Officer Ayers parked behind the vehicle and approached the driver's side of the vehicle. R.R. Vol 1 at Pages 21-23. After a few seconds, the Appellant began to get very excited, and told the officer that she believed she had an open warrant for her arrest. She then began yelling at a female standing nearby to come and get her purse. R.R. Vol. 1 at Pages 25-27. Officer Ayres told the Appellant and the female that the other female (the Appellant's daughter) could not take the purse. The Appellant then dumped the contents of the purse into the floorboard of the vehicle and tried to hide something in her hand. When she was asked to show the officer what she had in her hand, she refused and threw the object out the

3

window.  R.R. Vol 1 at Pages 27-31.  Officer Ayres shown his flashlight on the ground where the object landed, and saw a clear bag of what appeared to be marijuana.  The officer attempted to place the Appellant under arrest for Possession of Marijuana, but she began to struggle with him.  As he grabbed her left arm and attempted to remove her from the vehicle, she used force against him by twisting, turning, jerking away, and kicking him.  R.R. Vol 1 at Pages 31-33. Officer Ayers was eventually able to place the Appellant in handcuffs; however the Appellant then began calling out to bystanders to "get it".  As Officer Ayres moved to recover the marijuana, he was forced to take the Appellant with him. He observed two bags of what appeared to be marijuana on the ground, but as they approached, the Appellant stepped on one of the bags and began grinding it into the ground.  R.R. Vol 1 at Pages 34-37.  Once additional officers arrived at the scene, Ayres was able to search the Appellant's vehicle.  In the front middle console of the vehicle he found a cigar that he believed to be marijuana also.  R.R. Vol 1 at Page 40.

There was additional evidence from Caroline Allen, a chemist from the Department of Public Safety Crime Lab in Tyler, confirming that the substances recovered by Officer Ayers were all marijuana.  R.R. Vol 1 at Pages 62-70.

The defense elected not to present evidence to the jury and rested.  After

4

deliberations, the jury found the Appellant guilty of both offenses.

The Appellant had elected to have the Court assess punishment, and the case was then continued so that a Pre-Sentence Investigation could be completed.

At the punishment hearing the State re-offered evidence from the case-in-chief, asked the Court to take judicial notice of the Pre-Sentence Investigation, then rested. R.R. Vol 2 at Pages 4-7. The Appellant then testified that she supports her 17 year old son who has schizophrenia, a 16 year old son with a heart condition, as well as a 13 year old son and a grandchild. She also testified that she has cleaning and landscaping jobs that she works by contract, and that she gets an SSI disability payment on behalf of one of her sons. R.R. Vol 2 at Pages 8-10.

The Appellant addressed her prior criminal history on direct examination by saying that she had "been in trouble" for "transporting illegals" and that she had been in trouble for misdemeanors. R. R. Vol 2 at Page 13. On cross examination, the Appellant admitted that the person she identified as a supporter and her best friend is convicted drug dealer. R.R. Vol 2 at Page 17. She also admitted to a lengthy criminal past, including convictions for multiple misdemeanor Thefts, felony Theft of a Firearm, Driving While License Invalid, Possession of Marijuana,

and Failure to Identify. Additionally she admitted that she had served a fifteen month federal sentence for Alien Smuggling. In addition to those convictions, the Appellant admitted to an arrest for Burglary of a Building, as well as a charge of Possession of Marijuana just one year earlier, that was reduced to Possession of Drug Paraphernalia. R.R. Vol 2 at Pages 17-21. The Appellant confirmed that she was currently on felony probation for an additional Theft conviction. R.R. Vol 2 at Page 24. When asked about the current charges, the Appellant denied being guilty of Resisting Arrest, but admitted her guilt as to the Possession of Marijuana charge. Throughout her testimony, the Appellant admitted having been placed on felony adult probation at least two times in the past. R.R. Vol 2 at Page. 24.

After both sides presented arguments to the Court there was some brief discussion between the Court and the attorneys. The Court clarified that the Appellant was not on felony probation at the time these offenses were committed. R.R. Vol 2 at Page 31. The Court commented that the Appellant was asking for thirty days and the State was asking for three hundred days, and commented "Doesn't matter how long, she is going to jail." R.R. Vol 2, Page 32 at Lines 18-20. The Appellant's attorney then commented "She isn't eligible for probation." R.R. Vol 2, Page 32 at Lines 22-22. After a recess the Court made some preliminary comments before assessing sentences. During those

comments, the Court said, "And I believe Resisting Arrest with priors is a minimum of 90 days." R.R. Vol 2, Page 34 at Lines 15-16. The Court explained that when assessing punishment the main thing to consider is a defendant's criminal history and that the Appellant's criminal history was bad. R.R. Vol 2 at Page 34. Then the Court assessed punishment in the Possession of Marijuana case at one hundred and twenty days and at two hundred and forty days on the Resisting Arrest charge, and ordered that the sentences be served concurrently. R.R. Vol 2 at Page 35.

## SUMMARY OF THE ARGUMENTS

The appellant failed to meet either prong of the test for ineffective assistance of counsel. There is no allegation that trial counsel failed to call the trial court's attention to any objectionable voir dire by the State, so this point should not be considered. Appellant has failed to overcome the strong presumption that her trial counsel's brief opening statement was anything other than trial strategy, and certainly has not demonstrated that a lengthier opening statement would have changed the outcome of the proceedings. Appellant has failed to overcome the strong presumption that trial counsel's failure to clarify the trial court's potential misstatement of the range of punishment or trial counsel's apparent misstatement of the law regarding the Appellant's probation

7

eligibility were not competence trial strategy.  Additionally, Appellant has failed to demonstrate that but for these alleged errors on the part of trial counsel, the outcome of the proceeding would have been different.

**State's Response to Appellant's Issue No. 1:**

APPELLANT'S TRIAL COUNSEL WAS NOT INEFFECTIVE IN HIS REPRESENTATION OF THE APPELLANT.

The Appellant has the burden of proving ineffective assistance of counsel by a preponderance of the evidence. *Cannon v. State*, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984); *Ex parte Kunkle*, 852 S.W.2d 499, 505 (Tex. Crim. App. 1993), *cert. denied*, 114 S.Ct. 122 (1994); *McFarland v. State*, 845 S.W.2d 824 (Tex. Crim. App. 1992), *cert. denied*, 113 S.Ct. 2937 (1993).  For this reason, an appellate court is unable to conclude that the performance of trial counsel ineffective in the absence of evidence concerning counsel's reasons for his actions, or lack of reasons for certain actions. *Bohnet v. State*, 938 S.W.2d 532 (Tex. App.—Austin 1997).

The constitutional right to effective assistance of counsel does not mean errorless counsel at trial, or trial counsel whose competency or adequacy of representation is to be judged by hindsight.  The right to effective representation at trial simply means counsel reasonably likely to render reasonably effective assistance of counsel. *Ex parte Robinson*, 639 S.W.2d 953, 954 (Tex. Crim. App.

8

1982).

The standard to be used in determining whether Appellant received effective assistance of counsel is two pronged.  First whether trial counsel's representation fell below an objective standard of representation, and secondly, that there is a reasonable probability that, but for the errors of the trial attorney, the result of the proceeding would have been different. ***Darden v. Wainwright***, 477 U.S. 168, 184, 106 S. Ct. 2464, 2473, 91 L. Ed. 144 (1986); ***Strickland v. Washington***, 466 U.S. 668, 691, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984).  This standard applies both at the guilt-innocence phase of the trial, ***Black v. State***, 816 S.W.2d 350, 356 (Tex. Crim. App. 1991), *cert. denied* 112 S.Ct. 2983 (1992), and the punishment phase of the trial.  ***Hernandez v. State,*** 988 S.W.2d 770 (Tex. Crim. App. 1999).   For trial counsel to be found ineffective, his conduct must have so undermined the proper function of the adversarial process that the trial cannot be relied upon as having produced a just result. ***Hebert v. State***, 853 S.W.2d 207 (Tex. App.—Beaumont 1993, no pet. reported).

Additionally, judicial scrutiny of the performance of a defendant's trial attorney must be highly deferential.  There is high deference to be given to trial counsel's judgment in evaluating the deficiency of trial counsel's conduct. ***DeLuna v. Lynaugh***, 873 F.2d 757 (5th Cir. 1989), *cert. denied* 110 S.Ct. 556 107 L.Ed. 2d

552 (1989). A reviewing court must indulge a strong presumption that the conduct of the trial attorney fell within the wide range of reasonable professional assistance, and the Appellant must overcome the presumption that under the circumstances, the challenged action might be considered sound trial strategy. *Strickland v. Washington*, 466 U.S. 668, 689, 104 S. Ct. 2052, 2065 (1984); *Roberson v. State*, 852 S.W.2d 508 (Tex. Crim. App. 1993); *Delrio v. State*, 840 S.W.2d 443 (Tex. Crim. App. 1992); *Miniel v. State*, 831 S.W.2d 310, 323 (Tex. Crim. App. 1992); *Ex parte Welborn*, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990)

Appellant must overcome the strong presumption that actions of trial counsel challenged as ineffective might be trial strategy. Without some sort of evidence reflecting why trial counsel conducted the trial as he did, the Court cannot speculate that trial counsel was ineffective. *Gamble v. State*, 916 S.W.2d, 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.). The Appellant has the burden of proving ineffective assistance of counsel and without evidence concerning the reasons behind trial counsel's actions, this Court cannot speculate as to whether certain actions constituted trial strategy. *Bohnet v. State*, 938 S.W.2d 532 (Tex. App.—Austin 1997).

Appellant points to just two example of ineffective assistance of counsel during the guilt-innocence phase of the trial: Failure to make objections during voir

dire, and a short opening statement.

**A. Failure to object during voir dire**

While Appellant makes this assertion, she fails to point to any part of the voir dire that might have been objectionable. Any allegation of ineffectiveness must be firmly founded in the record and the record must affirmatively demonstrate the alleged ineffectiveness. *McFarland v. State*, 928 S.W. 2d 482, 500 (Tex. Crim. App. 1996). In this case there is no such record. A broad claim that Appellant's trial attorney failed to object is meaningless unless there is at least an allegation that there was a reason to object. Even if that were so, Appellant bears the burden of showing that there is a reasonable probability that the result of the trial would have been different had counsel objected. In this case, the Appellant has met neither prong of *Strickland*.

**B. Short opening statement**

Appellant makes an additional claim that his trial counsel was ineffective for giving a very brief opening statement before the presentation of evidence in this case. Appellant suggests that her counsel's brief opening statement demonstrates his overall ineffectiveness, yet provides no argument, authority, or evidence of how this alleged lapse on her counsel's part constituted ineffectiveness. The option for defense counsel to deliver an opening statement immediately after the State makes

11

its opening statement is entirely discretionary. See **TEX.CODE CRIM.PROC.ANN**. Art.

36.01(b). Few matters during a criminal trial could be more imbued with strategic

implications than the exercise of this option. *Calderon v. State*, 950 S.W.2d 121,

127 (Tex.App.—El Paso 1997). Trial counsel's closing arguments demonstrate that

Appellant's primary trial strategy was to persuade the jury that the State had not

proven its case beyond a reasonable doubt. Appellant elected not to present a

defense after the State rested. In all probability, Appellant's counsel had this in

mind when he briefly spoke to the jury in opening statements. Given the

overwhelming evidence in this case, any additional opening statement may be been

unnecessary or strategically undesirable.

Appellant fails to rebut the strong presumption that trial counsel's decision to

not give a lengthy opening statement fell within the wide range of reasonable

professional assistance mentioned in *Strickland*.

Appellant then turns to the punishment phase of the trial. As in the guilt-

innocence phase of the trial, the standards established in Strickland are to be

used in evaluating the effectiveness of trial counsel in the sentencing phase of all

noncapital proceedings. *Hernandez v. State*, 988 S.W.2d 770 (Tex. Crim. App.

1999). In other words, the same two pronged test applies, and the Appellant has

the burden of proving to this Court that both the level of representation at the

punishment phase of the trial fell below an objective standard of representation, and that there is a reasonable probability that but for the errors, the result would have been different. Appellant fails to meet either prong.

Appellant complains of trial counsel's failure to object to the Trial Court's apparent misstatement that the minimum sentence for the Resisting Arrest conviction was ninety days, and to trial counsel's apparent misstatement at Appellant was not eligible for probation.

## C. Range of Punishment

The range of punishment for Resisting Arrest, a Class A misdemeanor, is up to a year in the county jail and/or a fine not to exceed $4000. **TEX. PEN. CODE ANN.** §12.21. If it is found that a defendant has a prior conviction of a Class A or greater offense, the minimum period of confinement is increased to ninety days. **TEX. PEN. CODE ANN.** §12.43(a). The State concedes that for the minimum punishment to be increased, a defendant is entitled to notice that prior convictions will be used to enhance punishment. However it is not clear that by the statement made by the trial court, "And I believe Resisting Arrest with priors is a minimum of 90 days," that the trial court did any more than state a hypothetical. The trial court certainly did not directly apply this statement to this case, or say that in this case, that would be the range of punishment that would be considered. The trial court when

13

summarizing the arguments of both parties mentioned that the Appellant was asking for thirty days, and never opined that thirty days would be outside the range of punishment. While trial counsel did not object to this statement, he did affirmatively ask the trial court to assess a sentence that was substantially less than ninety days. It is reasonable to assume both that the trial attorney did not interpret the trial court's statement to be the court's understanding of the law in this particular case, and that the trial court gave meaningful consideration to the entire range of punishment.

Assuming for argument that trial counsel fell below the acceptable standard when he failed to correct the potential misstatement of the trial court, the Appellant must still demonstrate that there was a reasonable probability that, but for this alleged error, the her sentence would have been different. In this case it is a reasonable assumption that regardless of the minimum range of punishment, the trial court was not inclined to assess punishment at the lower end of the range, and that the sentence in this case was appropriate, if not somewhat lenient. The actual punishment assessed was two hundred and forty days, more than twice the ninety days that would have been the minimum if the charge had been properly enhanced, and much closer to the maximum of one year in jail. This seems to indicate that the trial court believed the evidence demanded a sentence much closer to the

maximum. A review of the evidence supports this claim. The Appellant had a prior federal felony conviction for which she served penitentiary time and prior state felony probated convictions. The Appellant was also currently serving a probated felony sentence. She had a long history of misdemeanor convictions, including Theft and Possession of Marijuana, one of the same offenses for which she had just been convicted. During the punishment phase of the trial, the Appellant refused to take responsibility for the Resisting Arrest offense, and continued to deny her guilt. Evidence during the guilt-innocence portion of the trial showed that not only did the Appellant use force against a peace officer attempting to arrest her, but that she tried to involve other people in her effort to conceal evidence, and that even after she was placed in custody, she tried to destroy evidence by grinding the marijuana into the ground. In light of this overwhelming evidence, it simply cannot be said that the trial court's sentence of two hundred and forty days was unreasonable, or that any clarification of by trial counsel as to the minimum range of punishment would have reasonably affected the outcome of the sentence. [1] Appellant has failed to demonstrate any harm, or that an objection to this statement would have changed the outcome of the proceeding; nor has Appellant overcome the strong

---

[1] The statement regarding the increased minimum was made only as to the Resisting Arrest conviction, so could not have affected the sentence in the Possession of Marijuana case in any way.

presumption of effectiveness.

### D. Probation Eligibility

A cold reading of the record seems to indicate that counsel misstated the law regarding the Appellant's probation eligibility. If his intent was to convey to the trial court that the Appellant was not eligible for probation from a judge, Appellant's trial counsel was mistaken. The Appellant's prior convictions would have made her ineligible for probation from a jury, but there is no such limitation on judge-ordered community service. **TEX.CODE CRIM.PROC.ANN**. Art. 42.12 §3 and §4.

Even if it is assumed for argument that trial counsel fell below the objective standard of representation when he made this statement, the Appellant has the additional burden of showing that but for this misstatement, the outcome would have been different and that the trial court would have probated the Appellant's sentence. The argument regarding the harmlessness this misstatement is very similar to the prior argument regarding minimum range of punishment. The same evidence that shows the suitability of the length of the sentences in these cases (Appellant's prior convictions, current probation, lack of acceptance of responsibility, and facts surrounding the offense) overwhelmingly demonstrates that the Appellant was not a candidate for probation. While the trial court did inquire whether the Appellant was being drug tested on her current probation (R.R.

Vol 2 at Page 31), it is just as likely—if not more so—that the trial court was interested in whether the Appellant was smoking marijuana after her conviction for Possession of Marijuana. In fact, after a brief discussion about the drug testing, the trial court stated, "I was just curious about that," (R.R. Vol 2 at Page 32), which seems less indicative of interest in probating the sentence and more interest in whether the Appellant is using any illegal substances. It is certainly not an indication that if trial counsel had not made a statement about probation ineligibility, the outcome of these cases would have been any different. Moreover, based on the trial court's statements regarding the importance of criminal history[2], it is not at all likely that probation would have ever been an option in these cases.

Appellant has not overcome the strong presumption that all the alleged deficiencies of which she complains were simply trial strategy on behalf of her attorney at trial, and she has failed to show that the results would have been different if her trial counsel had acted as he now wishes. Appellant's first Issue for Review is without merit and should be overruled.

## CONCLUSION AND PRAYER

WHEREFORE, for the foregoing reasons, the State of Texas prays that the Appellant's conviction be in all things affirmed.

---

[2] "And criminal history is the main thing we look at. Your criminal history is bad, so we have to consider that in assessing punishment." R.R. Vol 2 at Page 34.

17

Respectfully Submitted,

_____

Stephanie Stephens
Assistant County Attorney
101 W. Main, No. 230
Nacogdoches, Texas 75961
936.560.7766
Fax 936.560.7809
Bar #19160055

**CERTIFICATE OF COMPLIANCE**

I certify that word count for this brief totals 3,666.

_____
Stephanie Stephens

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the State's Brief in the above entitled and numbered cause was transmitted to the attorney for the appellant, Noel D. Cooper, 117 North Street, Suite 2, Nacogdoches, Texas  75961 on the 23rd day of July, 2014.

_____
Stephanie Stephens