# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 23, 2013

No. 12-10363
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

QUENTIN STEVAUGHAN PENDLETON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:11-CR-57-1

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Quentin Stevaughan Pendleton pleaded guilty to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g).  Along with the presentence report (PSR), the probation officer's confidential sentencing recommendation was disclosed to the parties inadvertently.  Pursuant to a court order, Pendleton returned the recommendation.  That same day, he filed a response challenging the probation officer's recommendation of a sentence at the top of the range, asserting that the probation officer improperly relied on his rehabilitative needs

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and his arrest record.  He also challenged the validity of Rule 32.1 of the Local Criminal Rules of the Northern District of Texas (Local Rule 32.1), which prohibits disclosures of sentencing recommendations.  The district court sentenced Pendleton to 85 months in prison, within the guidelines range of 77 to 96 months, to be followed by three years of supervised release.

On appeal, Pendleton renews his challenges to his sentence, arguing that Local Rule 32.1 violated his right to due process and his right to effective assistance of counsel at sentencing, as well as his rights under Rule 32 of the Federal Rules of Criminal Procedure.  He asks that this court remand for resentencing in his case and that we declare Local Rule 32.1 unconstitutional and in conflict with Rule 32(i)(1)(C).  Our review is de novo.  *See Sixta v. Thaler*, 615 F.3d 569, 571 (5th Cir. 2010).

Rule 32 of the Federal Rules of Criminal Procedure provides for preparation of a PSR and disclosure of that report.  FED. R. CRIM. P. 32(d), (e)(2). Rule 32(i)(1)(C) requires a court to permit the "parties' attorneys to comment on the probation officer's determinations and other matters relating to an appropriate sentence."  Further, a defendant has a due process right to review and object to a PSR.  *United States v. Jackson*, 453 F.3d 302, 305-06 (5th Cir. 2006).  However, a court may, by local rule or by order in a case, "direct the probation officer not to disclose to anyone other than the court the officer's recommendation on the sentence."  FED. R. CRIM. P. 32(e)(3).  The Northern District of Texas has adopted such a rule.  N.D. TEX. CRIM. R. 32.1.

We have not previously addressed in a published opinion whether a blanket prohibition on disclosure is unconstitutional or in conflict with Rule 32(i)(1)(C), and we need not decide those questions now.  As Pendleton readily admits, due to the inadvertent disclosure, he was able to challenge the probation officer's purported reliance on improper factors and to offer evidence and arguments to counter the recommendation of a sentence at the top of the range. As he states in his brief, his "efforts resulted in a sentence 11 months lower than

the sentence recommended by the probation officer." Although Pendleton complains that the district court ordered him to return the recommendation and any copies, he does not explain how that affected his ability to formulate a response to the recommendation during the nearly two weeks the recommendation was in his counsel's possession. In short, Pendleton had the very opportunity to review and comment on the additional information in the sentencing recommendation that he asserts is required by Rule 32 and the Due Process Clause. He likewise does not show how the rule resulted in the denial of his Sixth Amendment right to effective assistance of counsel. *See May v. Collins*, 948 F.2d 162, 166-67 (5th Cir. 1991).

To the extent that Pendleton raises a distinct challenge to the consideration of his rehabilitative needs and his arrest record, his arguments fail. We see nothing in the court's statements at sentencing that suggest any improper reliance on rehabilitative needs. *See Tapia v. United States*, 131 S. Ct. 2382, 2385 (2011); *United States v. Recesky*, 699 F.3d 807, 811-12 (5th Cir. 2012). We also discern no improper reliance on Pendleton's arrest record. *Cf. United States v. Johnson*, 648 F.3d 273, 277-78 (5th Cir. 2011). To the contrary, the court made no mention of his arrest record except when it sustained an objection to a PSR addendum regarding his criminal history and arrests and stated that the court would not consider the additional information.

Pendleton also makes a broader request that we declare Local Rule 32.1 unconstitutional and in conflict with Rule 32(i)(1)(C), citing potential injury to other defendants. We agree with the Government that Pendleton lacks standing to raise this challenge. *See Rivera v. Wyeth-Ayerst Laboratories*, 283 F.3d 315, 320 (5th Cir. 2002).

For the foregoing reasons, the judgment of the district court is AFFIRMED.