# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-30876

United States Court of Appeals
Fifth Circuit

**FILED**

March 4, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

AARON F. BROUSSARD,

Defendant–Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CV-432

Before SMITH, PRADO, and OWEN, Circuit Judges.

PER CURIAM:*

Aaron Broussard appeals the denial of his motion for collateral relief under 28 U.S.C. § 2255. The district court issued a certificate of appealability on one issue—the only one Broussard was permitted to bring under his plea agreement—ineffective assistance of counsel affecting the validity of his guilty

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

plea.  He contends that prosecutorial misconduct interfered with his counsel's ability to give competent advice and rendered his lawyer constructively ineffective, such that prejudice should be presumed under *United States v. Cronic*, 466 U.S. 648 (1984).[1]

Broussard fails to articulate a claim under the narrow category of cases involving "affirmative government interference in the representation process." *Strickland v. Washington*, 466 U.S. 668, 682 (1984).  That category encompasses only those government actions that impose affirmative bars or obstacles on counsel's ability effectively to conduct a defense, such as restricting a lawyer from conferring with his client overnight during trial or limiting how counsel may examine the defendant at trial.  *See id.* at 686 (citing cases).  "We read these cases as pointing to a constructive denial of counsel only where a government rule affirmatively forces counsel to make a choice he or she might not otherwise make in the context of a particular case."  *May v. Collins*, 948 F.2d 162, 167 (5th Cir. 1991).

Nothing alleged here rises to the degree of interference that Cronic requires.  Having considered the briefs, the facts, and applicable law, and having heard the arguments of counsel, and assuming, without deciding, that the issues urged on appeal were properly preserved, we find no reversible error. The order denying relief is AFFIRMED.

---

[1] The district court analyzed Broussard's claim under the *Washington* standard because that is how Broussard presented it in his initial memorandum in support of the § 2255 motion.  He raised a *Cronic* claim for the first time only in response to the government's opposition.  On appeal, he now asserts that the claim was under *Cronic* all along and relies solely on that theory.  We need not consider whether Broussard abandoned this claim by inadequately presenting it to the district court because we can, and do, straightforwardly resolve the merits.  *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998).